# UNITED STATES DISTRICT COURT
for the

### Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Maurice Anthwan Sims | ) Case No: 5:99CR00011-13 |
| | ) USM No: 13974-058 |
| Date of Previous Judgment: 12/16/1999 | ) Tanzania C. Cannon-Eckerle |
| (Use Date of Last Amended Judgment if Applicable) | ) Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ■ the defendant ❏ the Director of the Bureau of Prisons ❏ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ DENIED. ❏ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____ .

## I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 33 | Amended Offense Level: | 31 |
| Criminal History Category: | VI | Criminal History Category: | VI |
| Previous Guideline Range: | 235 to 293 months | Amended Guideline Range: | 188 to 235 months |

## II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

❏ The reduced sentence is within the amended guideline range.
❏ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain): The Court finds that the defendant is subject to the 2007 retroactive Crack Cocaine Amendment and therefore, eligible for a sentence reduction. Consistent with 18 U.S.C. § 3582(c)(2), the Court considered the factors set forth in 18 U.S.C. § 3553(a), as well as public safety and post-sentence conduct. Based on these factors the Court finds that a reduction of the defendant's sentence would not accomplish the goals of sentencing.

## III. ADDITIONAL COMMENTS

The defendant is eligible for the retro active reduction. However, the defendant has a long criminal history including numerous drug and violent offenses. He has had seven disciplinary actions while in custody, four of which were violent. The defendant's original sentence was 61% of the low end of the original guideline range, so he received a significant reduction for his cooperation.

Except as provided above, all provisions of the judgment dated 12/16/1999 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: June 20, 2008

Effective Date: June 30, 2008
        (if different from order date)

Richard L. Voorhees
United States District Judge